Filed 3/23/23  Spielbauer Law Office v. Midland Funding CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SPIELBAUER LAW OFFICE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MIDLAND FUNDING, LLC et al.,<br><br>    Defendants and Respondents. | A165817<br><br>(Santa Clara County<br>Super. Ct. No. 18CV339157) |

Appellant Spielbauer Law Office (Spielbauer) appeals an order granting attorney fees in the amount of $49,896 to the defendants who prevailed in bringing an anti-SLAPP motion to strike the complaint Spielbauer brought against them.  All Spielbauer's arguments relate solely to the amount of fees awarded.  We reject its contentions and affirm the attorney fee award.

## DISCUSSION

Spielbauer brought suit against respondents Midland Funding, LLC and Midland Credit Management (collectively, Midland) asserting claims based on Midland's alleged interference with the attorney-client relationship between Spielbauer and a client it represented in debt collection litigation Midland brought against the client.  The trial court granted Midland's anti-SLAPP motion, and Midland then brought a motion requesting $53,346 in

1

legal fees from Spielbauer.  Apart from a contention the attorney fee motion was premature (an issue not raised here), Spielbauer opposed the motion solely on the ground that the number of hours claimed was excessive in various ways.  The trial court reduced the fee request by $3,450 for unnecessary inefficiency in one respect, found the fees were otherwise reasonable and awarded Midland $49,896.  This timely appeal followed.

Spielbauer's opening brief is somewhat rambling and disjointed. Nevertheless, we understand Spielbauer to raise three issues:

*First*, Spielbauer contends the trial court erred in excluding the declaration of its expert, Kevin Sullivan, opining on the excessiveness of the fees Midland claimed (in terms of the time spent on various tasks).  It is unnecessary to consider whether the trial court erred in this regard, because we agree with Midland that any error was harmless.

As a technical matter, the court sustained an objection to the Sullivan declaration in its entirety.  But the trial court expressly said at the hearing that even if it considered the Sullivan declaration, the court would not "give it a lot of weight."  And the court explained why: "*I didn't find that he adequately expressed his experience in anti-SLAPP motions or in assessing attorneys fees.  And certainly his objections were not to hourly rate but to the* number of hours spent and *I don't know that he has the ability to look at this case and figure out how many hours were properly spent.  He didn't say he was that familiar with the case.*"  (Italics added.)  The court indicated that it possessed independent familiarity with anti-SLAPP motions, having handled "lots" of them and having "seen attorneys fees requests of hundred[s] of thousands of dollars on SLAPP motions," including one that was presently before it in another case.  The court said it considered the amount of Midland's fee request as "kind of in the middling range in terms of fee

2

requests I've seen following anti-SLAPP motions." And in its written order it reiterated: "The Court has reviewed many requests for attorney fees and finds that the amounts sought are not exorbitant for the efforts made and the issues posed as Plaintiff argues."

Although expert declarations often prove helpful, the trial court was entitled to rely on its own expertise in assessing the reasonableness of the fees claimed and to " 'make its own determination of the value of the services contrary to, or without the necessity for, expert testimony.' " (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1096 (*PLCM Group*).) There is no reason to think it might have come out any other way had it admitted the Sullivan declaration. Nor does Spielbauer assert that it might have done so.

Furthermore, as a practical matter, there was little in the Sullivan declaration that the court did not actually consider. Much of the Sullivan declaration simply consisted of detailed objections to specific time entries— objections that, as Midland points out, were incorporated into Spielbauer's written opposition to the motion and considered by the court, which, for the most part, rejected them. The court in fact agreed with Sullivan's opinion that one aspect of the fee request was excessive (18 hours of travel time for a court appearance) and reduced the award accordingly.

For these reasons, Spielbauer has not demonstrated that any error in excluding the Sullivan declaration was prejudicial. The claimed error furnishes no basis to reverse the court's order. (See Code Civ. Proc., § 475.) Spielbauer's prejudice argument in its reply brief is both untimely and unpersuasive.

*Second*, Spielbauer makes various attacks on the amount of attorney time spent as inflated and excessive, with regard to specific time entries and in the aggregate. Some of these arguments are basically cut and pasted from

its trial court papers. And none take account of the abuse of discretion standard of review that governs fee determinations, which is highly deferential. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130, 1140.) "The ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (*Id.* at p. 1132.) At bottom, Spielbauer simply re-argues the question it litigated below as to whether Midland's counsel spent too much time litigating the anti-SLAPP motion, as if we were empowered to decide the issue anew. It has not established that the trial court rendered an award that was clearly wrong. (See, e.g., *PLCM Group*, *supra*, 22 Cal.4th at p. 1096 [upholding amount of attorney fee award because "in addition to the detailed documentation submitted by [the moving party], the superior court was familiar with the quality of the services performed and the amount of time devoted to the case"].) We also note that Spielbauer's arguments are presented in a vacuum, with no discussion of the nature or complexity of the issues litigated in the anti-SLAPP motion or the work involved in addressing them. Such "[c]onclusory assertions of error are ineffective in raising issues on appeal." (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 523.)

Finally, for much the same reasons, we reject Spielbauer's third argument: that the trial court erred in declining to take judicial notice of a consent decree in an unrelated matter that Spielbauer claims substantiates its position that the amount of Midland's fee request was inflated and unreasonable. We review the court's determination of irrelevance for abuse of discretion (*People v. Camacho* (2022) 14 Cal.5th 77, 119), and Spielbauer has shown none. On the contrary, what little information about the consent

4

decree it describes in its appellate brief persuades us that it is irrelevant no matter under any standard of review. The consent decree does not even involve attorney fees. Spielbauer says it is relevant because it reflects that "MIDLAND was required to pay up to $42 million in refunds, and stop collection on $125 million in debt. It was also required to pay a $10 million penalty to the [Consumer Financial Protection] bureau's Civil Penalty Fund. [¶] This theft, inflation, and gouging is and was a pattern of conduct on the part of MIDLAND. What is attributable to MIDLAND can also be attributed to counsel for MIDLAND, particularly given its conduct in this matter. It is MIDLAND, after all, which is in the end on the hook for the attorney fees generated in this matter. It is MIDLAND's law firm which is seeking grossly excessive fees. Thus, the past conduct of MIDLAND (as well as [Midland's counsel]) is relevant." We do not agree. Whether Midland suffered civil penalties or other remedies in an unrelated matter before a federal administrative tribunal, has no bearing on whether the amount of time its attorneys spent litigating this case was reasonable.

Spielbauer makes other arguments that are far afield and either have no bearing on the reasonableness of the attorney fee award (such as that its appeal from the underlying anti-SLAPP ruling, which was dismissed as untimely, was meritorious) or misperceive the standard of review (such as an attack on the credibility of Midland's counsel). These arguments deserve no comment other than to say they are entirely meritless.

Finally, Spielbauer asserts several new arguments for the first time in its reply brief. Specifically, it acknowledges that in its reply brief it challenges more "examples of excessive charges and time" than were discussed in the opening brief. In addition, scattered throughout its reply brief are various assertions, unsupported by citation to any legal authority,

5

that the trial court's exclusion of the Sullivan declaration violates due process. We decline to consider any of these arguments because they have been forfeited. (See *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548 [" 'It is elementary that points raised for the first time in a reply brief are not considered by the court' "].)

## DISPOSITION

The attorney fee award is affirmed. Respondents shall recover their costs.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

_Spielbauer Law Office v. Midland Funding, LLC_ (A165817)